IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CLEVELAND ENMON, | |
| Movant, | CIVIL ACTION NO.: 2:22-cv-69 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 2:13-cr-4) |
| Respondent. | |

**ORDER AND REPORT AND RECOMMENDATION**

Movant Cleveland Enmon ("Enmon"), who is currently housed at the United States Penitentiary in Atlanta, Georgia, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Enmon's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Enmon *in forma pauperis* status on appeal and a Certificate of Appealability. I **DENY** Enmon's Motion for Status Hearing. Doc. 4.

**BACKGROUND**

After a three-day jury trial, Enmon was convicted in this Court on 92 counts of: conspiracy to unlawfully dispense controlled substances, in violation of 21 U.S.C. § 846; unlawful dispensation of controlled substances, in violation of 21 U.S.C. § 841(a)(1); money laundering over $10,000, in violation of 18 U.S.C. § 1957; and aiding and abetting, in violation 18 U.S.C. § 2, stemming from his operation of "pill mills" in Brunswick and Jesup, Georgia. United States v. Enmon, 2:13-cr-4 ("Crim. Case"), Doc. 1. Enmon was sentenced to 240 months' imprisonment. Crim. Case, Doc. 101. Enmon filed a pro se notice of appeal, but his

standby trial counsel initially acted in that capacity on appeal.  Crim. Case, Doc. 99.  The Eleventh Circuit Court of Appeals appointed a federal defender to represent Enmon on appeal.  Crim. Case, Doc. 139.  Enmon raised four grounds on appeal, and the Eleventh Circuit found no merits to those grounds.  United States v. Enmon, 686 F. App'x 769, 770 (11th Cir. 2017).  The United States Supreme Court denied Enmon's petition for writ of certiorari.  Enmon v. United States, 138 S. Ct. 254 (2017).

Enmon filed a § 2255 motion in this Court and raised several enumerations of error.  He contended: (1) former United States Magistrate Judge James Graham "wrote" unsigned warrants authorizing the seizure of Enmon's assets and Judge Graham had a financial interest in this case; (2) the Court's Order in 2:15-mc-3 was written as a result of Judge Graham's alleged unlawful actions, ordering him off Enmon's criminal case; (3) the Government withheld evidence of the Order in 2:15-mc-3, which is a Brady violation;[1] (4) the Assistant United States Attorneys who prosecuted this case committed a fraud against the Court because they presented a "fake sex for narcotics case. . . ."; and (5) he is actually innocent of the charged offenses because he never had sexual relations with a prostitute in exchange for medical services.  Mot., Enmon v. United States, Case No. 2:18-cv-7 (S.D. Ga. Jan. 29, 2018), ECF No. 1.  The Court determined Enmon had procedurally defaulted these claims by not raising them on direct appeal, even though he could have done so.  The Court also determined Enmon did not meet the cause and prejudice or fundamental miscarriage of justice standards to excuse his procedural default based on the merits of his claims and denied his § 2255 motion.  R. & R. and Order, Enmon v. United States, Case No. 2:18-cv-7 (S.D. Ga. June 9 and June 25, 2020), ECF Nos. 13, 15.

---

[1] "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Brady v. Maryland, 373 U.S. 83, 87 (1963).

2

Enmon executed the instant § 2255 Motion—his second—on July 28, 2022. Doc. 1. He asserts the Supreme Court recently determined in Ruan v. United States, 142 S. Ct. 2370 (2022), the Government must prove the *mens rea* element of § 841 cases against physicians. Enmon claims he is actually innocent of the § 841 convictions because the Government did not prove the *mens rea* requirement. Id. at 4. Enmon states his Motion is not time barred because Ruan was decided on June 27, 2022. Id. at 11.

## DISCUSSION

### I. Whether This Court Has Jurisdiction Over Enmon's § 2255 Motion

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Young v. FCI Miami Warden, 805 F. App'x 829, 831 (11th Cir. 2020) (quoting Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). A panel of the court of appeals must certify the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Without this authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. Burcks v. United States, 842 F. App'x 500, 502 (11th Cir. 2021) (citing Farris, 333 F.3d at 1216). "'[S]econd or successive status only attaches to a judgment on the merits.'" Murdock v. United States, No. CR410-159, 2018 WL 3119066, at *2 (S.D. Ga. June 5, 2018) (quoting Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014)), *report and recommendation adopted*, 2018 WL 3118620 (S.D. Ga. June 25, 2018).

3

In <u>Stewart v. United States</u>, 646 F.3d 856, 865 (11th Cir. 2011), the Eleventh Circuit distinguished between a numerically second § 2255 motion and a § 2255 motion barred as second or successive. The court determined the movant's numerically second motion was not second or successive because his claim—improper sentencing as a career offender—was not ripe at the time of his first motion when the predicate state convictions had not yet been vacated. In reaching this conclusion, the <u>Stewart</u> court cited <u>Leal Garcia v. Quarterman</u>, 573 F.3d 214, 222 (5th Cir. 2009), and noted Stewart's motion fell within a "small subset of unavailable claims that must not be categorized as successive." <u>Stewart</u>, 646 F.3d at 863. The Fifth Circuit Court of Appeals noted the Supreme Court explained, "Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are successive under § 2244(b)(2)(A)[.] Indeed, this is the reason why authorization is needed to obtain review of a successive" § 2255 motion. <u>Leal Garcia</u>, 573 F.3d at 221 (emphasis in original).

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") "was specifically designed to protect against prisoners 'repeatedly [attacking] the validity of their convictions and sentences' as 'the legal landscape shifts.'" <u>Braham v. United States</u>, CV116-099, CR 107-001, 2016 WL 5723711, at *2 (S.D. Ga. Aug. 19, 2016) (quoting <u>Leal Garcia</u>, 573 at 221–22). "Likewise, 'claims based on a factual predicate not previously discoverable are successive,' but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, e.g., an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive." <u>Id.</u> (quoting <u>Stewart</u>, 646 F.3d at 863; in turn citing <u>Leal Garcia</u>, 573 F.3d at 221, 222).

4

Here, Enmon does not dispute he has filed a § 2255 motion on a previous occasion or this Court denied his previously filed motion.[2]  Enmon fails to show a factual predicate has come to be and caused the claim in his instant § 2255 Motion to ripen since he filed his first § 2255 motion, i.e., he could not have asserted he is innocent of his § 841 convictions previously. See id. (citing Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014)).  Instead, Enmon bases his claim on a recent Supreme Court decision, Ruan.  Assuming the Supreme Court has made its decision in Ruan retroactively applicable to cases on collateral review—a determination not made by this Court or, more importantly, by the Supreme Court—this Court still could not entertain Enmon's § 2255 Motion.  Enmon has not sought authorization from the Eleventh Circuit to file a second or successive § 2255 motion in this Court; thus, this Court is without jurisdiction to entertain Enmon's § 2255 Motion and should dismiss the Motion.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Enmon leave to appeal *in forma pauperis*.  Though Enmon has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or

---

[2]     In determining Enmon's claims in his first § 2255 motion were procedurally defaulted, this Court had to look to the relative merits of his claims to determine Enmon did not meet either exception to the procedural default application.  Indeed, the Court denied the entirety of Enmon's first motion, finding any assertion made to overcome procedural default was without merit.  R. & R. and Order, Enmon v. United States, Case No. 2:18-cv-7 (S.D. Ga. June 9 and June 25, 2020), ECF Nos. 13, 15.

argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th

6

Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Enmon's § 2255 Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Enmon a Certificate of Appealability, Enmon is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Enmon's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Enmon a Certificate of Appealability and *in forma pauperis* status on appeal. I **DENY** Enmon's Motion for Status Hearing. Doc. 4.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of March, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA